Morning Call 212-1415 St. Mark's Episcopal Church v. Pauline Boyle On behalf of the Apollon, Mr. Matthew Davison On behalf of the Apollon, Mr. Perry Anderson Morning, Counsel You may begin Good morning May it please the Court, Counsel Again, my name is Matthew Davison I represent the Apollon in this matter, Ms. Pauline Boyle The permanent injunction in this matter violates the basic principles of the First Amendment It is a prior restraint, it is content-based, and it is vague and overbroad in other aspects At issue before the Court today for discussion purposes is whether a permanent injunction is an appropriate remedy, given the underlying facts of this matter If we decide that it's not an appropriate remedy, do we need to even discuss the First Amendment issues? No, Your Honor, probably not The only issue, the added issue, is the permanent injunction The only thing up on appeal is the permanent injunction There's no damages up on appeal What was brought up on appeal is the breadth of the injunction, whether it violates, whether it's a prior restraint on the speech Well, the defendant, Ms. Boyle, lost the merits of the case There were no damages, correct? Correct I think I understand where she's going, too So you have no finding in her favor on the cause of action, and yet an injunction is issued as though it's some independent cause of action, right? Reading the findings, Your Honor, it looks like the permanent injunction is attached to the interference with the prospective business Whether or not damage is found with the prospective business, cert court still entered an order entering a permanent injunction attached to that tort But there was no basis for the issuance of the injunction, was there?  We shouldn't be here in our opinion, Ms. Boyle's opinion, throughout the case, because she has a right to say whatever she wants The permanent injunction kind of came in at the end there and kind of dovetailed everything, even though there was no finding of damages Right, all monetary claims were denied, correct? Correct Okay For discussion purposes today, the court issued a statement whether to discussing whether a permanent injunction is an appropriate remedy given the underlying facts of the case We contend there is no appropriate remedy given the facts of this case because there's no actionable injury in this case First, the sign is constitutionally protected opinion You don't have to take our word for it That's also in St. Mark's brief It's not a statement of fact, whether true or false It's not a statement of fact It's a statement of opinion, which case law is very clear If a statement of an opinion is constitutionally protected, it should not be enjoined And zooming out here for a second, the court should be reminded we are talking about a permanent injunction here, which is a very severe remedy, generally speaking It's a very severe remedy when we talk about things of constitutional concern, such as matters of speech, which we do have here The situation is very analogous to this case we cited, Citizens for a Better Austin v. Keefe wherein a group of concerned citizens were passing out signs and picketing against a real estate broker's methods and the Illinois courts found that the intent of those people was to inflict economic injury and to interfere with their business and the courts found that the injunction was appropriate However, that case went up to the Supreme Court The court reasoned, because of the peaceful way of the protest, economic damage or ulterior motives were not enough to uphold the injunction and they struck the injunction Here, we have something even less than the facts of Keefe We have a woman just placing a sign in her yard and peacefully walking away Well, but, I mean, that sign interfered with St. Mark's ability to sell that real estate, isn't that correct? That's what the circuit court found. It was a means of intimidation And just like in Keefe, where the court said, sure, you're passing out pamphlets with someone's home phone number on them You're interfering with his right to do business in here because of what the pamphlet said They're interfering with his real estate business It's not enough because of the peaceful way of his picketing It does not remove the First Amendment rights of that individual So the situation here is actually less drastic because she's not going around downtown with pamphlets about the church or anything like that Well, the effect was the same, was it not? Pardon me? The effect was the same I mean, given the placement on the fence so that, you know, it could be seen very easily Sure In fact, there was testimony that somebody saw it and decided not to put an offer in and not to buy it Right, and just like in Citizens for a Better Austin, economic ruination simply isn't enough The form of the picketing or the signs of the protest was peaceful She wasn't getting in anyone's face, she wasn't doing anything malicious She wasn't even handing out pamphlets directly to prospective buyers at the people in Keefe She simply put the sign in her yard and walked away And the permanent injunction is such a severe remedy, it runs aground of her First Amendment protections in that way Well, but if it's narrowly tailored, then that's the only adequate remedy, isn't it? Well, if we get to the question of whether it's narrowly tailored, we bypass the idea of is this speech even unprotected to begin with We would contend it's not unprotected, so we don't need to get to the issue of narrowly tailored It simply says buyer beware, which is an opinion She's not saying anything, a gross statement of a false fact about the people that live next door It's simply an opinion, so we don't need to get to the narrowly tailored However, if we do, that gets us into the weird area of the statement from the bench versus the statement in the order If the statement from the bench is the order, which is any sign, it's not narrowly tailored at all I mean, she can't put any sign directed at that sale in her yard Well, what does the law say governs? The statement from the bench or... Well, if we look to criminal case law, it looks like if a judge were to sit on the bench and say I sentence you to 20 years and then the written order says something different Generally, the case law says the oral statement should control I know there's an issue before the court from the Appleese brief about... Well, is it different in civil cases? Judge, I don't know. I could not find anything on point with permanent injunctions and in civil cases whether the oral statement versus the written statement I think that speaks to the futility of injunctions governing speech If they were to say, Ms. Boyle, you can't say buyer beware, that's it, narrowly tailored, we're done here She could just go out and open a thesaurus and say something completely different It shows why injunctions are completely futile instances like this And normally, if you have a false statement of fact or something defamatory it's kind of why damages are usually the appropriate remedy Which still aren't appropriate here, but it kind of reveals how silly injunctions are in matters of speech You can just go open Webster's and say something completely different Then on the other hand, if you just say something generally Ms. Boyle, you can't say anything directed at the sale Then you're getting into areas of vagueness and oath of breath revealing again the futility of why we don't usually have injunctions in matters involving speech Instead it's damages, which again, you have to first do an analysis of the actual statement and whether it was outside protection of the amendment which we contend it most certainly is not because it's an opinion I think the case the court should be considering then is Citizens for a Better Austin v. Keith in that moment because of the pamphleting with much more severe facts were going on and even that injunction could not stand Here we have much less severe facts and it was still the permanent injunction was entered and we contend that violates her First Amendment rights and should be struck down So you have two alternative bases You're arguing first of all, there's nothing for the injunction to attach to because there was no finding in favor of the plaintiff and secondly, free speech would prohibit the imposition of the permanent injunction Is that what you're saying? It's absolutely correct, Your Honor There are several different ways to cut this case and they all arrive at the same result The injunction cannot stand First, it's an opinion-based fact There's no findings in favor of the plaintiff, you're correct Even if we were to look at the injunction, look at the statement It's constitutionally protected opinion which St. Mark's admits Even if we were to get to the nature of the injunction and whether it's narrowly tailored or not then we get to the issue of the ruling whether it's broad or vague or too specific and then it fails for that reason So any way you cut it, this injunction should be struck down Private restraints in Illinois generally aren't favored in any event for matters involving speech because there's such a severe effect on someone's speech rights Instead, money damages are usually the remedy That's usually when defamation comes into play, libel or slander, invasion of privacy We don't have any of that here and that is essentially why it should be struck down Is this like a defamation case? We would argue it is, Your Honor This tort, like false light invasion of privacy when someone brings a claim for false light invasion of privacy just because you color it by a different name doesn't mean it escapes a First Amendment analysis and we're saying the same for this tort as well We would cite plaintiff's own statements during trial that it's like a defamation trial, it's like a defamation case He said at least twice it's like a defamation So we think it's very much like a defamation case In fact, the secondary source we cited from the CBA article when it discusses corporate plaintiff's rights when they feel like they're being economically harmed they talk about defamation and one way to angle defamation against the defendant is through an interference of prospective business tort which is what we have here So they are very similar That's why we're contending if they're very similar we're afforded First Amendment analysis and whether it should even be found outside protection to begin with With regard to the foreign authority cited by the plaintiff it's your position that Illinois law is pretty clear that if there's a conflict between the oral pronouncement and written order the oral pronouncement controls Is that your position? After the court issued that rule to show cause I went and looked and again when I found a lot of the criminal cases the oral pronouncement was the controlling one and in fact if we wanted to do a full 50 state analysis I think we would encounter the same thing There would be a lot of differing opinions But yes Judge, the oral pronouncement in our opinion should control And if that's the case, then we have a very broad injunction We have someone that couldn't even put a sign in the yard to simply say welcome to the neighborhood It speaks to the futility of the injunction We realize we're not here on a big case involving money damages or anything kind of exciting like that but to some people the right to speak freely under the protections of the First Amendment are more important to them You are unable to find recent Illinois cases that say that the court's oral pronouncement controls the civil cases? I'm looking at two cases here Not after the rule to show cause, Your Honor If the court wants us to look, we certainly will I think we have the cases I'm curious as to why it was so difficult to find the cases If the court has anything else, I think we're pretty clear with our position All right, you'll have some time on that Sure, absolutely, thank you Mr. Anderson, good morning Good morning The issue of whether the oral or written judgment prevails Before we get to that Do you have any authority at all that stands for the proposition that a permanent injunction can be granted where the underlying cause of action is ultimately unsuccessful? The underlying action wasn't unsuccessful The judge found that there was We wouldn't be able to sell our property The only adequate remedy was an injunction because the value of the property was not going to be able to be sold or going to be sold for a very low price We wouldn't be able to realize the value of the property without this injunction Isn't damage an element of that cause of action? And that element wasn't found? No, damages would be, the court says specifically Damages are going to be impossible or very difficult to ascertain and therefore injunctive relief was the only relief that was suitable in this case Let me read from the The court finds that there was an interference with the prospective business relationship of St. Mark's However, St. Mark's has not proven any damages and therefore the judgment is entered in favor of the defendant Ms. Boyle, with respect to the tortious interference claim But later on in the record You have to prevail on all elements He said we haven't proved damages Also said, because you have to prove your damages with specificity He said that would be impossible for you to do in this case and therefore injunctive relief is appropriate What's the authority? The cases that suggest that if you don't prevail on damages on the tortious interference claim you can get an injunction Well, the Menina case is just one and I believe there are several because the general rule is that injunctive relief is proper when damages are difficult or impossible to ascertain I don't have all the cases but I think there's a plethora of those types of cases One case just happens to be in the briefs is the Austin Congress v. Menina So this is a case where the What was the underlying claim in that case? This was a developer that was building a retirement community and the developer used drywall instead of plaster and so it is well known that the plastering interests It was not a tortious interference claim What was the nature of the claim? It was not It was a claim to try to bar them from picketing But in that case, the court did find that we're going to bar them from picketing because if the damages that they're not being able to sell their units or sell them at a lower price we're not going to be able to tell what the damages will be in that case So the only relief that is proper is to stop these folks from picketing So, yeah, it's not exactly the same underlying claim but the injunctive relief is the same because there is no way to put them in jail You did not appeal the court's finding regarding the underlying claim St. Mark's didn't appeal the finding that damages could not be ascertained No, it was in our favor Yes, we agreed that damages could not be would be difficult to ascertain You presented evidence on damages You asserted damages but the trial court found against you That's right, Judge We did our best, we tried to cover that Your position was that damages could be ascertained but the court found against you In the alternative, sure, certainly We asked for injunctive relief We also asked for monetary damages which is not uncommon The judge, in saying that we can't find monetary damages with the requisite specificity did play into our hand for injunctive relief being the only proper remedy I'll move on With respect to the I think what the claim here of the appellant is you can't enjoin speech I'm sure that you'll agree with Judge Albert Wendell Holmes Jr. that said that even the most stringent protection of free speech would not protect a man falsely shouting fire in a theater causing panic So certainly speech can be enjoined I think that's a fair statement of the law but he raises an interesting point to me What did the sign say, buyer beware? How does that weigh one way or the other? How does that cast aspersions directly? I think it's clear and the court found that that intimidated buyers That may be the effect but the speech itself, the sign itself is sort of neutral, isn't it? It says buyer beware You're on your own, look into this I think that statement literally says be afraid and it worked Our realtor said you'll never sell this house with a sign there or sell it at a very, very reduced price That's the only way you're going to get rid of it So this case You have cases like Eagle and Thornhill and Organization for a Better Austin versus Keith and Menina and so I'll tell you In those cases we had economic ruination so the activity caused harm to the petitioner the side who wanted to stop that pamphleting that picketing, whatever it was and just because you're causing harm he's right, it doesn't stop there There has to be something else So you have to look behind it and say what is the speech that we're thinking about protecting In this case, there's nothing In Eagle, the petitioners were picketing a porn shop so they were expressing their displeasure of a public issue We don't want porn shops in our neighborhood and so the court said that's a public issue it puts it forth for debate and we're going to protect that In Organization for a Better Austin neighborhood versus Keith there was a realtor who was he was scaring people into selling his business model was to scare people into selling their homes in Austin saying that the blacks are moving this way you better sell quick while you still can while the property values are still high so this group that disfavored that picketed his business they handed out pamphlets saying this is what he's doing and we don't like that and the court said that's a public issue and we're going to give that some protection so behind, and it hurt his business but behind economic ruination there was some speech that deserved some protection You're saying public interest versus a strictly private interest? No, in this case there's no interest What does buyer beware mean other than be afraid? It's not saying these people are causing more flooding It's not saying anything It's just saying beware It's not putting forth this issue for debate It's just saying be afraid The case is a lot like Menina So in Menina, we talked about they were using drywall instead of plaster so the builder got a permit from the city of Chicago to build this retirement community and the permit called for the plans called for using plaster and he used drywall so these plaster interests they found that it was the plastering interests that started the picketing, supported the picketing Anyway, the builder went back to the city after they started picketing and re-submitted plans with drywall so this is when drywall was coming into use and less plaster and the city of Chicago issued him a new permit saying you're okay now the picketers continued to picket saying they're violating the municipal code they weren't and so the court didn't give them protection on that speech because you're saying that they're violating the city code you're picketing that but that's not true because the city of Chicago re-issued a permit saying they're not violating they're in compliance so in this case, Mrs. Boyle could have said these guys are causing my flooding but that would be kind of like Menina because we weren't causing it the village of Barrington Hills has been out there many times and we invite them out there and they say this is just drainage when the engineer testified at trial he said you're in a depression this is what happens when you build up around you get more water in your depressions you guys just happen to be living in a depressed area Mrs. Boyle claimed that we damaged some drainage tile from when there was farmland if we did, we couldn't find the drainage tile our flooding is worse than hers we're lower than hers our house is lower than hers she's up on the hill this is the backyard believe me, we're the first ones that want to solve this problem so there are solutions to this problem engineers can engineer this water away it's very expensive the village isn't going to do it so when we put our house for sale Mrs. Boyle said opportunity just like in Menina we're going to make these guys use plaster because that's what we're selling and if they don't do it we're going to keep picketing and we're going to damage their business I'll just back up a second I believe you alluded to earlier the argument there were a measure of damage is as difficult or impossible to ascertain injunctive relief would still lie what case do you cite for that proposition? it obviously is not Menina, is it? I was just using Menina because I didn't have cases in front of me Menina is a picketing case, right? Menina is a picketing case, yes so where is this economic damage principle you're citing? well, I'm talking about economic drenation so Mrs. Boyle is causing us to have economic damage because she's making it impossible for us to sell our property so you're using an analogy but you don't have a case that actually says that you're citing, do you? that says that specifically what the measure of damage is is difficult or impossible to ascertain in Menina I've got a fast case here but toward the second, page 35 it says that as a direct consequence of which plaintiffs will suffer monetary damage and that with continued picketing those damages will be unascertainable and irreparable so I was just using Menina for that they enjoined the picketing and the reason was we're not going to be able to determine what the damages are we're not going to be able to determine if they had to sell these units at a much lower price they couldn't sell them time, value, money, etc. it brings us back to the first question I asked you what is the authority aside from analogy what's the authority for the proposition that you can obtain a permanent injunction where you have not succeeded on the merits of your claim damages is part of your claim you haven't succeeded on damages what's the authority for the issuance of a permanent injunction where you have failed to prove your claim one of the claims one of the requests was for injunctive relief and I think we have satisfied the elements for injunctive relief that's not a claim that's not a claim it's a remedy right, exactly it's a remedy, not a claim that's the problem at least as I see it well I I think we have satisfied that there are damages we've just not been able to satisfy you didn't appeal the specificity of those you did not appeal the court's finding regarding damages I don't know how we could I think the judge was correct in that damages would be difficult to ascertain I found that a reasonable a reasonable finding of the court and I didn't have a problem with that it would have been good if we could have and we tried but I don't that doesn't mean there's not damages I think the court did find that we were damaged and what did it say again when she was drafting this injunctive relief by analogy that there were damages but they're impossible to ascertain what did the trial judge allegedly say on that issue that damages would be difficult to ascertain yes he said that there were some damages and they'd be difficult to ascertain or he just said damages would be difficult to ascertain damages would be difficult to ascertain I'm not quite quoting verbatim of course but yes he did say that damages I'll quote verbatim St. Mark's has not proven any damages further on in his oral statements he did say that damages would be difficult to ascertain so I I'm not sure what we're trying to split here is but if the judge says look I find there were some damages as a result of this but they would be very difficult to pin down and place a specific monetary amount that's one thing but if the judge says that you know I don't find damages and they'd be difficult to ascertain anyway that's not quite the same is it well I'm sorry that I didn't brief this but I believe he did say the court does find so there's no the court does find that given the nature of interference in the situation that St. Mark's had a clearly ascertainable right that needed protection that is the right to market and sell its property that the failure or the sign did cause irreparable injury to the church which did not have an adequate remedy at law because a measure of damages would not be easily ascertained and that a continuing injury would occur if the sign was not removed having the testimony of Ms. Wall to establish that in fact does affect potential purchasers desire to purchase the property or to buy the property and that in fact St. Mark's has established that it has a right to market the property and sell without interference from its neighbor right that's what I meant yeah that's not what you said the court said it did not be easily ascertained right and he did not accept the testimony that was offered on the issue of damages I think he stated there that Ms. Wall the testimony of Ms. Wall showed that she did in fact scare away purchasers so I I think that's all we have yes any other questions? we can take up the issue we'll take that up now yeah let's take that up we'll take this up now the review council regarding our order to show cause why you should not why we should not impose some sanctions for failure to cite relevant authority from this this court controlling authority do you have an explanation as to why you cited foreign authority where the law in this district at least is clear that where there's a discrepancy or an ambiguity between written order and the oral pronouncement the oral pronouncement controls what's your explanation? you the authority is clear that where there's a discrepancy between the written and the oral the oral pronouncement what is your what is your explanation for citing foreign authority on that point? I I didn't find that to be clear judge I found uh in my supreme court rule 272 which addresses situations where judge requires a written order and but the purpose of that rule is to remove any the date the judgment was entered um but uh I think did you cite that rule in your brief? no I didn't and you cite you said in your brief what may be obvious to this court well let let me let me continue you cited foreign authority let me let me continue I wasn't I don't think 272 is perfect as to that point because 272 speaks to when the uh the purpose is is when the judgment was entered um I think the argument could have been made that 272 uh that by the nature of a judge uh entering a written order that is that the judge required a written order in which case 272 comes much closer to the but aside from 272 Gennady Square LLC versus KFC National Management Company 392 Illinois Apollo 3rd 598 uh    I guess I didn't broaden my search well enough I I don't know what to say I think as you can see today I I do very much try to prepare Illinois Supreme Court established a commission on professionalism a number of years ago for a purpose and that is to heighten our awareness all of our awareness about the importance of professionalism you as an attorney are an officer of the court are you not yes what are your obligations with regard to the law as an officer of the court when you either submit a brief or argue orally or even at the trial court what are your obligations as an officer of the court to be prepared to understand the law no more specifically on this particular issue here your obligation is to educate the court as to all pertinent authority whether it's for you or against you so if you're aware of authority that is against you it's your obligation to let the court know but certainly you can argue to the court that it is your obligation but as an officer of the court you have a pretty high obligation and our supreme court has reminded all of us of the importance of that obligation and the research should have been better I'll give you that do you understand our concern that you are telling us in your brief not only are you citing foreign authority you're telling us that this should be obvious to you the court and Justice Sinop just hit the nail in the head you don't do that without thoroughly researching the issue and informing the court of appropriate authority from this court and your obligation is to look for the authority not to simply find the closest case that favors your position and then cite that this doesn't favor our position the oral statement is better for us so if we weren't doing this to take the position to try to hide controlling precedent because it wasn't in our favor so if the oral judgment would prevail that's better for us Menina the case with the builder the injunctive language on the first page is to join picketing to join publicly stating in any manner regarding the construction methods of the contractor it goes on and on and on.   what I was trying to  You  have a real good explanation that you didn't have a good explanation in this case so a minimum research was flawed, correct? I think that's true, your honor. And this should never happen again, should it? Absolutely not. But, no buts as to that statement. Absolutely not. That's probably where you should leave it, counsel. Anything else? Thank you. Thank you. Mr. Baberson. Just briefly, your honor, I just wanted to address two main points. Just so everyone's clear here, St. Mark's initially brought in action for tortuous interference with protective business. An element of that tort is that   was not a permanent injunction. We can't prove damages. Just so we're all clear, that's exactly what happened. They didn't prove damages. I think counsel mentioned at least ten times the case of